UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM M. ESCOFFERY,

    Plaintiff,

v.                                                                                      Case No. 3:14cv248-MCR/CJK

EQUITABLE ASCENT
FINANCIAL, LLC, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff William M. Escoffery, proceeding *pro se*, commenced this action on June 2, 2014. (Doc. 1). The amended complaint, the operative pleading in the matter, names nine defendants: Equitable Ascent Financial, LLC ("Equitable"); Brenda Carpenter, an attorney representing Equitable; Hilco Receivables, LLC ("Hilco"); John B. Priest, Manager of Equitable and Hilco; Stephen T. Ceilr, General Counsel for Equitable; Hyatt, Hyatt & Landau, P.L. ("Hyatt"); Jason Dragutsky; Dana M. Stern; and Leslie M. Schneider. (Doc. 13). The amended complaint sets forth the following factual allegations.

Equitable brought a debt-collection action against Mr. Escoffery in Okaloosa County, Florida, based on a debt Escoffery originally owed to Chase Bank. Escoffery indicates he was "never properly notified of the collection proceedings"

because (1) "[h]e was never served an original complaint regarding the Lawsuit"; and (2) "[h]e was never served a proper and timely initial summons in the matter[.]" Escoffery learned of the litigation in March 2014 when he received an alias summons and a notice to appear at a pretrial conference. He claims he

> did not have an opportunity to respond to the initial complaint nor time to review the subject matter, check records and appraise himself of the details thereof; or seek legal counsel before the said "Pre-Trial Conference." Nor was [Escoffery] afforded sufficient time to adequately prepare for same and respond to plaintiffs' charges, which in fact were—as to their totality—unknown to Defendant/Escoffery prior to that hearing.

Because he received inadequate notice, he asserts his "Constitutional Guarantee to a fair hearing was indubitably compromised and irreparable [*sic*] damaged[.]"

At the pretrial conference in April 2014, Escoffery "suffered significant duress as he was coerced by operation of the legal process and . . . Brenda Carpenter . . . into attempts at 'settling' a lawsuit about which he had little or no information and insufficient details to form a responsible judgement thereupon." He requested an extension of time to conduct research and respond to the allegations, which the judge granted. Escoffery subsequently discovered "the debt alleged as the basis for the subject litigation was formally discharged by the alleged Creditor, Chase Bank, on or about 4/31/2013."

Based on the foregoing, Escoffery alleges his due process rights were violated because he did not receive "appropriate notice and an opportunity to be heard." He

Case No. 3:14cv248-MCR/CJK

also brings state-law claims for defamation and "barratry." As relief, he seeks damages in excess of $100,000.00.

On July 21, 2016, the undersigned entered an order (doc. 22) noting plaintiff had failed to state an actionable claim against the defendants and that the court "has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). As the undersigned explained, "[a] claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (internal quotations omitted).

As the undersigned also explained, plaintiff's due process claim is without arguable merit because none of the defendants are state actors. Instead, they all are private corporate entities or individuals who worked on behalf of those corporate entities. The Fourteenth Amendment's Due Process Clause only restrains the actions of state governments. *See Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041

(11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law."); *Jefferies v. Ga. Residential Fin. Auth.*, 678 F.2d 919, 922 (11th Cir. 1982) ("It is well settled that the fourteenth amendment proscription against deprivations of property without due process of law reaches only government action and does not inhibit the conduct of purely private persons in their ordinary activities.") (*citing Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974)). The fact the defendants prosecuted a debt-collection against Escoffery in state court does not transform them into state actors. *See Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process.").

In addition, Escoffery has not alleged the deficient notice he received had any substantive effect on the debt-collection action or that he was prevented from raising the issue in state court. In fact, Escoffery concedes he moved for—and received—an extension of time in which to respond to Equitable's allegations. Because Escoffery had an adequate state law remedy to address the allegedly deficient notice, he cannot establish a procedural due process violation. *See Cotton v. Jackson*, 216 F.3d 1328 (11th Cir. 2000) ("Assuming a plaintiff has shown a deprivation of some

right protected by the due process clause, we—when determining if a plaintiff has stated a valid procedural due process claim—look to whether the available state procedures were adequate to correct the alleged procedural deficiencies."); c*f. Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) ("[A]n unauthorized intentional deprivation of property by a state [or municipal] employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.").

State-Law Claims

Because the complaint presents no viable federal question, Escoffery's state-law claims for defamation and barratry should be dismissed without prejudice. Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (citations omitted). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370

F.3d 1086, 1089 (11th Cir. 2004) (*citing L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).[1]

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED without prejudice for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 1st day of September, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] Plaintiff's complaint is subject to dismissal for the additional reason that he failed to timely respond to the undersigned's show cause order (docs. 22, 24).